**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-CR-127-ALM- |
| | § | CAN |
| RONNIE LEE CYRUS, JR., | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 8, 2015, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Will Tatum.

On April 13, 2007, Defendant was sentenced by the Honorable United States District Judge Ronald E. Longstaff of the Southern District of Iowa to one hundred and fifty (150) months of imprisonment followed by a five (5) year term of supervised release for the offense of Conspiracy to Distribute Cocaine Base, a Class A felony. In 2012, Defendant completed his period of imprisonment and began service of his term of supervised release.

On July 23, 2015, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 2 Sealed]. The Petition asserted that Defendant violated two (2) conditions of supervision, as follows: (i) Defendant shall not commit another

federal, state, or local crime; and (ii) Defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment.

The Petition alleges that Defendant committed the following acts: (1) On June 10, 2015, in Grayson County, Texas, Defendant was arrested for Online Solicitation of a Minor – Sex Conduct; and (2) On January 15, 2014, an unannounced home visit was conducted at 1201 S. Treece Ave., in Denison, Texas, and the occupant of the residence notified the probation office that Defendant had not resided at the residence since January 10, 2014, which Defendant further admitted on January 21, 2014 [Dkt. 2 Sealed]. The Petition alleges that Defendant failed to notify the probation officer ten (10) days prior to any change in residence. *Id*.

Prior to the Government putting on its case, Defendant entered a plea of true to allegation two (2) of the Petition, specifically that Defendant failed to notify the probation officer at least ten (10) days prior to any change in residence or employment. The Government withdrew the first allegation. Having considered the Petition and the plea of true to allegation two (2), the Court finds that Defendant did violate his conditions of supervised release by failing to notify his probation officer of a change in residence.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## <u>RECOMMENDATION</u>

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-one (21) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons Ft. Worth facility, if appropriate.

**SIGNED this 13th day of October, 2015.**


_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE